## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRI TIMKO; ANTHONY ROBINSON; and STEPHANIE DARNELL, | ) ) ) ) | |
| Plaintiffs, | ) | No. 2:23-cv-1307 |
| | ) | |
| v. | ) | |
| | ) | |
| NSPA LOUNGE LLC d/b/a DAYS INN; NSPA SUITES LLC; MILAN, LLC d/b/a MOTEL M; YADWINDER SINGH a/k/a JERRY KING; BALJINDER KAUR a/k/a ROBIN a/k/a DIPPY; HIMANSHU BHATIA a/k/a HIMAN; DIPTI BHATIA f/k/a DIPTI MAISURIA; WYNDHAM HOTELS AND RESORTS, INC., | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Wyndham's motion to dismiss certain claims in the amended complaint. ECF 51. The Court already wrote a 48-page opinion, which recounts the nature of this case and the problems with the original complaint. ECF 45. This order assumes the parties are familiar with that prior decision, and so is written for the benefit of the parties.

On careful review of the rather expansive amended complaint and the parties' briefs, the Court hereby **GRANTS** Wyndham's motion. Specifically, the Court grants the motion as to Counts III, IV, and VII as to Plaintiff Stephanie Darnell; and the Court grants the motion as to Counts IX, X, XXVII, XXVIII, and Count XXIX. The dismissal of these counts is with prejudice.

I.    **Counts III, IV, and VII, as to Plaintiff Darnell (TVPRA and state-trafficking claims).**

As part of these counts, Ms. Darnell accuses Wyndham of violating the TVPRA, a human-trafficking statute, as well as the Pennsylvania statutory analog.  To state a claim under any theory of those statutes, the plaintiff must plead a predicate act of forced labor, abuse, or threats of harm.  *Mallela v. Cogent Infotech Corp.*, No. 2:19-CV-01658-NR, 2020 WL 2541860, at *3–4 (W.D. Pa. May 19, 2020) (Ranjan, J.).  Ms. Darnell fails to plausibly do so.  She pleads as a predicate criminal violation "document servitude" under federal and state law.  Those statutes, though, criminalize destruction of travel documents, such as passports, immigration documents, and other government IDs that, without them, would restrict a person's ability to travel.  18 U.S.C. §§ 1592 & 1597.  18 Pa. Cons. Stat. §§ 3012(b)(6) & 3014.  The amended complaint does not allege the destruction of any such travel or identification documents; it only alleges that Ms. Darnell's employer (the franchisee) failed to provide her with certain payment documents, like W-2 form and pay stubs.  There is no legal support to suggest that the criminal document-servitude statutes capture the withholding of simple wage documents.[1]   Without a predicate violation, Ms. Darnell cannot hold Wyndham liable under the TVPRA or Pennsylvania trafficking statute.

II.    **Count IX (RICO conspiracy claim).**

There is no plausible claim against Wyndham for RICO conspiracy.  To state a claim for RICO conspiracy, there must be knowledge of the enterprise's activities—in other words, a conspiracy to violate RICO.  *Dongelewicz v. PNC Bank Nat'l Ass'n*, 104 F. App'x 811, 818 (3d Cir. 2004).  The amended complaint only goes so far as to allege

---

[1] Ms. Darnell also cites the subsection of the Pennsylvania statute, which prohibits someone from "taking or retaining the individual's personal property or real property as a means of coercion."  18 Pa. Cons. Stat. § 3012(b)(5).  Again, this stretches the statute too far.  There is no support to suggest that wage records generated by an employer are the employee's "personal property."

that Wyndham should have known of the corrupt activities of its franchisees, not that it knew and made an agreement with the franchisees to violate RICO. This renders this claim deficient. *See, e.g.*, *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989); *Smith v. Berg*, 247 F.3d 532, 535 (3d Cir. 2001); *McLaughlin v. Int'l Bhd. of Teamsters, Loc. 249*, 641 F. Supp. 3d 177, 201 (W.D. Pa. 2022) (Stickman, J.); *Meeks-Owens v. Indymac Bank, F.S.B.*, 557 F. Supp. 2d 566, 573 (M.D. Pa. 2008).

### III.    Count X (Section 1981 claim).

Plaintiff Anthony Robinson brought a Section 1981 claim against Wyndham for race discrimination. That claim fails because Wyndham was not Mr. Robinson's employer, and there is no plausible basis to suggest that it operated as a joint employer. *Gupta v. Sears, Roebuck & Co.*, No. 07-cv-243, 2009 WL 890585, at *2 (W.D. Pa. Mar. 26, 2009) (Fischer, J.).

### IV.    Counts XXVII, XXVIII, and Count XXIX (unjust-enrichment claims).

The Court previously dismissed the unjust-enrichment claims as being too threadbare. Now that Plaintiffs have amended, the Court finds that the claims fail as a matter of law. The gist of these claims is that Plaintiffs worked for the franchisees, and were not paid, and so the franchisees were conferred a benefit that would be unjust to withhold. That is a perfectly acceptable theory. Where Plaintiffs go awry is to name Wyndham, too. They claim Wyndham benefitted from the non-payment of employees because Wyndham receives royalties and franchise payments from its franchisees. This "benefit" is remote or incidental, at best, and cannot state a claim for unjust enrichment under Pennsylvania law. *See, e.g.*, *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000); *Global Ground Support, LLC, v. Glazer Enter., Inc.*, 581 F. Supp. 2d 669, 676 (E.D. Pa. 2008); *Ortiz v. Keystone Premier Settlement Servs., LLC*, No. 3:23-CV-01509, 2025 WL 1710241, at *4 (M.D. Pa. June 18, 2025).

*****

For these reasons, the Court **GRANTS** Wyndham's motion (ECF 51), and dismisses the claims outlined above with prejudice.  Because the above defects are legal and Plaintiffs already have amended their complaint in an already expansive manner, the Court finds further amendment would be futile and inequitable.  This is bolstered by Wyndham's well-taken concerns that Plaintiffs already exceeded the scope of the leave to amend previously given and haven't fully cured many of the group-pled allegations.[2]

DATED: April 1, 2026                          BY THE COURT:

                                              /s/ J. Nicholas Ranjan
                                              United States District Judge

---

[2] As Wyndham notes, the amended complaint is a sprawling "29-Count, 823-paragraph, 143-page amended complaint." ECF 52, at p. 2.